1

2

*Original filed 4/3/07

3

4

5

6

7

8                              NOT FOR CITATION

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  LARRY L. WHITE,                    )    No. C 06-5181 JF (PR)
                                       )
13              Plaintiff,             )    ORDER OF DISMISSAL
                                       )
14      vs.                            )
                                       )
15  KAMALA HARRIS, et al.,             )
                                       )
16              Defendants.            )
    _____)    (Docket Nos. 2, 4)
17

18

19          Plaintiff, an inmate at the San Francisco County Jail, has filed the instant civil rights

20  action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that defendants, the District Attorney and

21  Assistant District Attorney, are violating his constitutional rights in the course of his current

22  prosecution on state criminal charges in San Francisco Superior Court.  Plaintiff seeks money

23  damages and injunctive relief.  The Court will DISMISS the complaint without prejudice.

24                                    **DISCUSSION**

25          A federal court must conduct a preliminary screening in any case in which a prisoner

26  seeks redress from a governmental entity or officer or employee of a governmental entity.  28

27  U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

28  claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

1  seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),

2  (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

3  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

4        In order to recover damages for harm caused by actions whose unlawfulness would

5  render a conviction or sentence invalid, a plaintiff alleging a violation of § 1983 must prove that

6  the conviction or sentence has been reversed on direct appeal, expunged by executive order,

7  declared invalid by a state tribunal authorized to make such determination, or called into

8  question by a federal court's issuance of a writ of habeas corpus.  See Heck v. Humphrey, 512

9  U.S. 477, 486-487 (1994).  A claim for damages based upon a conviction or sentence that has not

10  been so invalidated is not cognizable under § 1983.  See id. at 487.  Heck also bars claims, such

11  as those raised here, which necessarily implicate the validity of pending criminal charges.  See

12  Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000).  A civil claim which necessarily

13  implicates the validity of pending criminal charges does not accrue until after one has succeeded

14  in the criminal realm.  See id. (citing Heck).  Plaintiff claims that defendants are violating his

15  federal constitutional rights in their prosecution of him; if proved true, these claims would call

16  into question the validity of his pending charges in state court.  Accordingly, this action is barred

17  until Plaintiff's state court charges have been reversed, expunged, set aside or otherwise called

18  into question.

19        With respect to Plaintiff's request for injunctive relief, under principles of comity and

20  federalism, a federal court should not interfere with ongoing state criminal proceedings by

21  granting injunctive or declaratory relief absent extraordinary circumstances.  See Younger v.

22  Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is required when: (1) state proceedings,

23  judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3)

24  the state proceedings afford adequate opportunity to raise the constitutional issue.  See

25  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  The

26  state proceedings must be pending, not merely available, and plaintiffs must be seeking relief

27  that would interfere in some manner with the state court litigation.  See Green v. City of Tucson,

28  255 F.3d 1086, 1094 (9th Cir. 2001).  The rationale of Younger applies throughout appellate

Order of Dismissal
P:\pro-se\sj.jf\cr.06\White181dis                2

1  proceedings, requiring that state appellate review of a state court judgment be exhausted before

2  federal court intervention is permitted, see Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11

3  (1975).  Because Plaintiff seeks injunctive relief in his ongoing state criminal prosecution,

4  abstention is appropriate under Younger.  Accordingly, Plaintiff's request for injunctive relief is

5  denied.

6                                    **CONCLUSION**

7         For the foregoing reasons, this action is hereby DISMISSED without prejudice.  In light

8  of this dismissal, Plaintiff's motions to proceed in forma pauperis (docket nos. 2, 4) are

9  DENIED.  No filing fee is due.  The Clerk shall terminate all pending motions and close the file.

10        IT IS SO ORDERED.

11  DATED:   4/3/07

12                                    JEREMY FOGEL
                                      United States District Judge

1

A copy of this ruling was mailed to the following:

2

3

Larry L. White
# 2214748/ 3A-19

4

P.O. Box 67
San Bruno, CA  94066

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\pro-se\sj.jf\cr.06\White181dis